132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marcelo Vinicus NOGUEIRA and Katya Solange FARIA, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70090, Apm-lfr-fuc, Aab-fkc-quy.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1997.**
Dec. 18, 1997.
 
 Petition to Review a Decision of the Immigration and Naturalization Service
 Before BROWNING, PREGERSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The parties are familiar with the factual and procedural history and we will not recount it here except as necessary to clarify our decision.
 
 
 3
 We reverse the BIA's denial of Petitioners' appeal for the following reasons:
 
 
 4
 1. The Board of Immigration Appeals ("BIA") conducted a de novo review when it considered Petitioners, appeal of their exclusion orders.
 
 
 5
 2. Therefore, we review only the BIA's determinations rather than those of the Immigration Judge, See Yepes-Prado v. INS, 10 F.3d 1;63, 1366 (9th Cir.1993).
 
 
 6
 3. Agency fact-finding is reversed if not supported by substantial evidence. See Id.
 
 
 7
 4. The BIA's finding that Petitioners are legalization applicants is supported by substantial evidence.
 
 
 8
 5. The BIA's denial of relief only can be affirmed on the basis articulated in its decision. See Jen Hung Ng v. INS, 804 F.2d 5-4, 538 (9th Cir.1986).
 
 
 9
 6. The sole basis for the BIA's dismissal of Petitioners' appeal was that 8 C.F.R. § 245a.2(m)(1) required Petitioners' to obtain advance parole before leaving for Brazil.
 
 
 10
 7. Less than four months before the BIA considered this petition, we invalidated the very regulation that forms the basis of the BIA's decision. Espinoza-Gutierrez v. INS, 94 F.3d 1270, 1271 (5th Cir.1996).
 
 
 11
 8. An INS regulation that we invalidate as to one alien is invalid as to all. See Naranjo-Aguilera v. INS, 30 F.3d 1106, 1114 (9th Cir.1994).
 
 
 12
 9. Because the BIA's decision relied solely upon an invalidated statute, we reverse.
 
 
 13
 REVERSED.
 
 
 
 **
 The panel unanimously found this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3